### In re GOSCH.

#### (District Court, S. D. Georgia, E. D.　March 16, 1903.)

**1. SAWMILL LIEN—SASH AND DOOR FACTORY.**

A sash and door factory is not a sawmill within the meaning of Civ. Code Ga. 1895, § 2809, providing that persons furnishing sawmills with timber, etc., shall be entitled to liens.

**2. SAME—PETITION—DEMURRER.**

Where one claiming a lien on the property of a bankrupt on the ground that it was a sawmill alleged in his petition facts showing that the property was not a sawmill, the referee was justified, even on demurrer, in concluding that there was no sawmill, and therefore no lien.

Petition for Review of Referee's Finding.

R. D. Meader, for petitioner.

Kay, Bennett & Conyers, for creditors.

SPEER, District Judge.　In this case Leroy Satterthwaite, as administrator of W. N. Satterthwaite, deceased, made claim of lien against certain property of the bankrupt upon the ground that it constituted a sawmill, within the meaning of section 2809 of the Civil Code of 1895.　His alleged lien was for lumber furnished and sold. In his proof of claim the petitioner declares the alleged sawmill was engaged in sawing timber or lumber into other pieces of wood of suitable sizes, and manufacturing the same into sashes, doors, blinds, etc., so that the lumber sold was in this manner sawed up in convenient dimensions for use in manufacturing said articles.　To this proof of claim certain general creditors demur upon the ground that the statement of the intervener that the bankrupt's enterprise was a sawmill, within the meaning of section 2809 Civil Code of Georgia of 1895, is a legal conclusion of the pleader, and states an incorrect proposition of law.　The general creditors also insist that the claim of lien was not recorded within three months, as required by law.

The Code of Georgia above referred to, provides: ·

"All persons furnishing sawmills with timber, logs, provisions, or any other thing necessary to carry on the work of sawmills, shall have liens on said mills and their product, which shall, as between themselves, rank according to date, and the date of each shall be from the time when the debt was created, and such liens shall be superior to liens but liens for taxes, liens for labor, * * * and to all general liens of which they have actual notice before their debt was created, to which excepted liens they shall be inferior."

It will strain the ordinary powers of judicial construction to regard the business of the bankrupt as a sawmill, if it must be considered ejusdem generis with the terms describing that enterprise in the sec-

tion of the Code just quoted. It is not every vocation or occupation in which the saw is used which is for that reason a sawmill. To so conclude might require a latitudinarian construction which would include everything from those monster mills manufacturing into lumber the sequoia gigantea on the Pacific Slope to the hut of the peasant of the Black Forest engaged in shaping toys wherewith to delight the immature imaginations of children. A sawmill, as defined by the law of Georgia, is not a planing mill, or a sash and door factory. There are sawmills which have such attachments, but they are not sawmills for that reason, but because they saw logs and timber, as they are cut from the forest, into the lumber of commerce. It is a mill which deals with saw logs, and these are logs suitable to be cut in a sawmill. As stated in the Standard Dictionary, "it is an establishment for sawing logs into lumber by power, often including other woodworking machines, as lathe machines and planing machines." We think, therefore, the claimant was mistaken in regarding the establishment of the bankrupt as a sawmill as contemplated in the Georgia statute creating a lien thereon.

It is, however, suggested that this objection should not be presented by demurrer. This objection would be well taken had the claimant contented himself with describing the works of the Brunswick Sash & Door Company as a sawmill. In that event the demurrer would ex necessitate have admitted the averment. He, however, went further, and described the work done in the alleged sawmill, and, construing all of his averments together, the referee was justified, even on demurrer, in concluding that there was no sawmill, and therefore no lien.

Order will be taken affirming the finding of the referee.